IN THE DISTRICT COURT OF COMANCHE COUNTY
STATE OF OKLAHOMA

TEXHOMA PROPERTIES, LLC

    Plaintiff,

vs.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

Case No. CJ-2022-583

## PETITION

COMES NOW Plaintiff, Texhoma Properties, LLC, and for its causes of action against Defendant, State Farm Fire and Casualty Company, allege and states:

### A. Parties

1. Texhoma Properties, LLC, ("Texhoma"), is a business incorporated and organized under the laws of the State of Oklahoma with its principal location in Lawton, Comanche County, Oklahoma.

2. Defendant, State Farm Fire and Casualty Company, ("State Farm"), is a foreign for profit insurance corporation domiciled in Illinois.

3. The principal place of business for Defendant State Farm is in Bloomington, Illinois.

4. The Defendant State Farm conducts business in the State of Oklahoma, is licensed to conduct business in the State of Oklahoma, and may be served with process through the Oklahoma Department of Insurance.

5. The damaged property at issue is located in Lawton, in Comanche County, in the State of Oklahoma.

EXHIBIT 1

## B. FACTS

6. At all times material hereto, the Plaintiff, Traders, was insured under the terms and conditions of a property insurance policy, policy number 96-B5-E713-0 ("the Policy"), issued by the Defendant State Farm.

7. The Plaintiff's property consisted of 3 buildings and is located at or near 2412 NW Cache Road, Lawton, OK 73505, 2410 NW Cache Road, Lawton, OK 73505, and 1321 NW Erwin, Lawton, OK 73505.

8. At all times material hereto, the Plaintiff complied with all terms and conditions of its insurance policy.

9. Plaintiff has at all times cooperated with Defendant State Farm's investigation of this claim.

10. On or about May 28, 2019, Plaintiff's insured property and its affiliated buildings and structures sustained damage as a result of hail and/or wind. Subsequently, Plaintiff presented a claim to Defendant State Farm for this covered damage.

11. Hail and wind are covered perils not limited or excluded pursuant to the terms and conditions of Plaintiff's property insurance policy with Defendant State Farm.

12. After Plaintiff reported the loss, Defendant State Farm and its adjusters identified hail damage to Plaintiff's property. Defendant prepared an estimate that reflected only a portion of the covered damage and issued payment to Plaintiff for only a fraction of the cost of repairing the covered damage. The estimate and payment reflected only a portion of the covered loss and failed to consider work required to repair the hail damage.

13. After being advised that their estimate failed to include a significant portion of the covered damage to the structures, Defendant reinspected the property. The reinspection occurred several months after the expiration of limitations period in the insurance policy.

14. Several months after the reinspection, Defendant provided Plaintiff with an updated estimate that was significantly larger than its initial estimate. Defendant made another piece meal payment to Plaintiff.

15. Like its initial estimate, Defendant's supplemental estimate reflected only a portion of the covered damage. The payment made to Plaintiff was for only a fraction of the cost of repairing the covered damage.

16. Following receipt of the supplemental estimate, Plaintiff's contractor provided Defendant with an estimate reflecting a cost of repair of $575,828.

17. Several months later, and almost a year after the expiration of the limitations period, Defendant provided Plaintiff with yet another estimate and piecemeal payment. Once again, the estimate and payment were for only a fraction of the actual cost of repairing/replacing the hail damage and represented only a portion of the covered loss.

18. The cost to repair the covered damage to Plaintiff's property is at least $575,828 which is the amount reflected in the estimate presented by Plaintiff to State Farm for payment. However, Plaintiff now believes the cost of repairing the roof to be significantly more.

19. Defendant's estimate remains unreasonably low for the work required to repair the covered damage to Plaintiff's buildings.

20. Defendant wrongfully denied payment for damages which are clearly covered under the terms and conditions of the policy.

21. Defendant repeatedly offered Plaintiff less than it was rightfully owed on its claim in an effort to save money and reduce its overall payout on the claim. By virtue of the way Defendant has handled this and other claims, Plaintiff believes this is part of a company-wide strategy by Defendant.

22. Defendants conduct has unreasonably delayed the resolution of Plaintiff's claim.

23. Despite it being owed under the policy, Defendant has also refused to pay General Contractor's Overhead and Profit (GCOP) on Plaintiff's claim. Plaintiff believes this is part of a company-wide strategy by Defendant to save money by refusing to pay valid claims for GCOP made by its insureds.

## C. Count I - Breach of Contract

24. Plaintiff hereby asserts, alleges and incorporates paragraphs 1-23 herein.

25. The property insurance policy number 96-B5-E713-0 issued by Defendant State Farm was in effect on May 28, 2019, and at all times relevant to Plaintiff's hail claim with Defendant.

26. Subsequent to the hail event at Plaintiff's property, Plaintiff timely submitted an insurance claim to Defendant State Farm and provided a repair/replacement estimate to State Farm in support of its claim.

27. During its inspection following the loss, Defendant State Farm's representatives identified covered hail damage to Plaintiff's property. Thereafter, Defendant prepared various estimates and made several piecemeal payments on Plaintiff's claim. These payments reflected only a portion of the covered loss and a repair cost of far less than the cost of repairing the covered damage. Defendant's refusal to pay the amount required to repair and/or replace all of the obviously hail damaged property is a breach of Plaintiff's insurance policy issued by the Defendant.

28. Defendant's continued refusal to pay Plaintiff the appropriate amount for repair and/or replacement of obviously hail damaged property is a breach of Plaintiff's insurance policy issued by the Defendant.

29. The acts and omissions of Defendant State Farm in the investigation, evaluation, and partial denial of Plaintiff's claim were unreasonable and constitute a breach of the insurance contract for which contractual damages are hereby sought. Defendant State Farm breached its contract with Plaintiff by failing to conduct a reasonable investigation of Plaintiff's claim and by improperly denying payment and coverage for Plaintiff's obviously hail damaged property.

30. As a consequence of Defendant's breach of the insurance contract, Plaintiff has thus far suffered damages in the amount of at least at least$575,828, less any partial payment received from Defendant. Notably, Plaintiff believes the cost of repairing/replacing the covered damage exceeds the amount listed above. Plaintiff is also entitled to attorney fees, costs, and interest under 36 O.S. § 3629 or otherwise.

### D. Count II Breach of the Duty of Good Faith and Fair Dealing

31. Plaintiff hereby asserts, alleges and incorporates paragraphs 1- 30 herein.

32. The acts and omissions of the Defendant State Farm in the investigation, evaluation and partial payment of Plaintiff's claim were unreasonable and constitute a breach of the duty of good faith and fair dealing and for which bad faith and extra-contractual damages are hereby sought.

33. The property insurance policy issued by Defendant State Farm to Plaintiff was in effect on the date of loss identified above and at all times relevant to Plaintiff's hail claim with Defendant.

34. Subsequent to the hail event at Plaintiff's property, Plaintiff timely submitted a claim to Defendant. Following receipt of Plaintiff's claim, Defendant failed to conduct a reasonable

investigation of Plaintiff's' hail damage claim. As a result of its unreasonable, outcome-based investigation, Defendant failed to properly and fairly evaluate the claim and compensate Plaintiff for hail damage which was covered under the policy.

35. Defendant's refusal to pay for repair and/or replacement of obviously hail damaged property is a breach of the duty of good faith and fair dealing and represents a bad faith breach of Plaintiff's insurance policy issued by the Defendant.

36. Defendant failure to properly evaluate and pay Plaintiff's claim has unreasonably delayed the resolution of Plaintiff's claim.

37. Defendant refused to issue policy payments to Plaintiff for the full amount needed to repair and/or replace the obviously hail damaged property. Instead, Defendant severely underpaid Plaintiff's claim then slowly doled out additional payments in an effort to use its financial leverage over Plaintiff to get it to accept less than the full value of this claim.

38. Defendant's bad faith refusal to pay for the damage to Plaintiff's property building was unreasonable, outside of insurance company standards, committed in bad faith and was part of a nationwide claims strategy to improperly reduce claims payments.

39. As a result of Defendant's breach of the duty of good faith and fair dealing, Plaintiff has suffered damages, financial and otherwise, in excess of $75,000.

### E. Count III Punitive Damages

40. Plaintiff hereby asserts, alleges and incorporates paragraphs 1- 39 herein.

41. The unreasonable conduct of the Defendant in the handling of Plaintiff's claim was intentional, willful, wanton and was committed with a reckless disregard for the rights of the Plaintiff for which punitive damages are hereby sought.

42. Accordingly, Plaintiff seeks punitive damages in an amount to be determined by the jury but not less than the amount of actual damages sought at trial.

### F. Equitable Estoppel and Waiver

43. Plaintiff hereby asserts, alleges and incorporates paragraphs 1- 42 herein.

44. After Plaintiff timely made a claim, Defendant continued to investigate Plaintiff's claim long after the expiration of any limitations period/provisions in the insurance policy.

45. As a result of the investigation it conducted after the expiration any limitations period/provisions in the insurance policy, Defendant identified additional covered damage and repairs which were not included in their prior estimates and made multiple additional payments to Plaintiff without raising any limitations period as a defense to the same.

46. Defendant delayed making payments owed on this claim until after the expiration of the limitations period. Thereafter, Defendant continued to make payments to Plaintiff. Defendant did not assert any limitations period as a defense to the payments made to Plaintiff after the limitations period.

47. Plaintiff's contractor communicated with Defendant multiple times after the expiration of the limitations period. Defendant did not indicate that it was denying payment any part of Plaintiff's claim due to any limitations period or that it believed any limitations period had expired.

48. Defendant's conduct, as described generally above, lulled Plaintiff into a sense of security such that Plaintiff delayed the commencement of this action.

49. Through its conduct and representations, Defendant State Farm is estopped from asserting any limitations period or provisions as a defense in this case.

50. Through its conduct and representations, Defendant State Farm has waived any limitations period or provisions as a defense in this case.

### G. Demand for Jury Trial

51. The Plaintiff hereby requests that the matters set forth herein be determined by a jury of its peers.

### G. Prayer

Having properly pled, the Plaintiff, Texhoma Properties, LLC, hereby seeks damages for breach of contract and breach of the duty of good faith and fair dealing contractual as well as punitive damages against the Defendant, State Farm Fire and Casualty Company, for its conduct along with all damages allowed by and supported by law and statute, together in an amount in excess of $75,000.00; including costs, interest and attorney fees.

DURBIN, LARIMORE & BIALICK

By: _____
R. Ryan Deligans, OBA #19793
Andrew M. Gunn, OBA #19470
920 North Harvey
Oklahoma City, OK 73102-2610
Telephone: (405) 235-9584
Facsimile: (405) 235-0551
rdeligans@dlb.net; agunn@dlb.net
Attorneys for Plaintiff

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**